**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CIVIL ACTION NO. 6:17-cv-00041-KKC**

*ELECTRONICALLY FILED*

**CLIFTY PROPERTIES, LLC**                                                **PLAINTIFF**

**v.**

**CITY OF SOMERSET, PULASKI COUNTY, KENTUCKY,**
**SOMERSET PLANNING AND ZONING BOARD,**
**and SOMERSET CITY COUNCIL**                                    **DEFENDANTS**

---

**MOTION FOR REMAND**

---

Comes now Plaintiff, Clifty Properties, LLC (hereinafter, "Clifty Properties"), by and through its Counsel, pursuant to 28 U.S.C. § 1447 and L.R. 7.1(a)[1], and hereby moves the Court for Remand of its state law claims in the above-styled action to the Pulaski Circuit Court and for a stay on its federal claims pending resolution of Plaintiff's state law claims before the Pulaski Circuit Court, or in the alternative, for remand of all of Plaintiff's claims to the Pulaski Circuit Court for resolution of the state law claims while preserving the federal claims.  In support of its Motion, Plaintiff states as follows:

On November 30, 2016, the U.S. District Court, London Division, dismissed the federal and state law claims contained in Plaintiff's Complaint "without prejudice."  In its Memorandum Opinion and Order, the Court specifically acknowledged that Plaintiff should litigate its state law claims in state court first, before proceeding on its federal claims.  *See* Memorandum Opinion and Order, Page 9.  The Court further recognized that Plaintiff could reserve its other federal claims during the litigation in state court on its state law claims.  *Id.*  Finally the Court noted that,

---

[1] The Plaintiff construes this Motion as "routine" and not requiring a supporting Memorandum, given this Court's prior history with the issues involved.  (See Exhibits A and B hereto).

1

if the state court denied Plaintiff's state law claims, it could litigate its federal claims in federal court at that time. *Id.* That is precisely what Plaintiff sought to do when it refiled this action in the Pulaski Circuit Court, reserving by its Complaint both its state law and federal claims.

Following Plaintiff refiling this action in the Pulaski Circuit Court, Defendant sought removal thereof to this Court. This procedural scenario was also contemplated by this Court's previous Memorandum Opinion and Order, in which the Court specifically stated that Plaintiff could seek remand of its state law claims and request the Court for a stay as to its federal claims while it pursued its state court action. *Id.* That is precisely what Plaintiff seeks to do now, by its Motion for Remand of its state law claims and for a stay on its federal claims pending resolution of its state law claims in the Pulaski Circuit Court.[2]

The Court, by its previous Memorandum Opinion and Order, further set out its reasoning for declining to exercise supplemental jurisdiction over Plaintiff's state law claims in the present case, including the avoidance of needless decisions of state law. *See* Memorandum Opinion and Order, Page 13. For the very same reasons, Plaintiff's Motion for Remand is also properly granted.

The Court, by its previous Memorandum Opinion and Order, also declined to exercise jurisdiction over Plaintiff's Complaint because it could have set forth a claim for reverse condemnation, and such a claim must be heard in state court, without exception. *See* Memorandum Opinion and Order, Page 8. Here, as Counts V and VI of Plaintiff's Complaint set forth a reverse condemnation claim, for the very same reasons, Plaintiff's Motion for Remand is properly granted.

---

[2] Specifically, the federal claims on which Plaintiff seeks a stay pending resolution of its state law claims in the Pulaski Circuit Court include those described in Count I (Paragraphs 17, 21, and 22); Count II (Paragraphs 25, 29, and 30); Count III; Count IV; Count VII; and Count VIII. It is noteworthy that all of the foregoing Counts, with the exception of Counts VII and VIII, also plead analogous state law claims which Plaintiff intends to pursue in the Pulaski Circuit Court before pursuing its federal claims before this Court.

In compliance with 28 U.S.C. § 1447(c), this Motion is filed within thirty (30) days after the filing of Defendants' Notice of Removal under 28 U.S.C. § 1446(a).

Accordingly, the Plaintiff respectfully moves this Court for Remand of its state law claims to the Pulaski Circuit Court and for a stay on its federal claims pending resolution of its state law claims in the Pulaski Circuit Court, or in the alternative, for remand of all of Plaintiff's claims so that the Pulaski Circuit Court may adjudicate the state law claims and the federal claims may be preserved pending a resolution of the state law claims.  Pursuant to 28 U.S.C. § 1447(c), Plaintiff further moves this Court to require Defendants to pay any and all just costs and any actual expenses, including attorney fees, incurred by Plaintiff as a result of removal of the above-styled case.

A proposed Order is tendered herewith.

                                           **Respectfully Submitted,**

                                           /s/ *Drayer B. Spurlock*_____
                                           Gary W. Napier
                                           Drayer B. Spurlock
                                           NAPIER AND ASSOCIATES, P.S.C.
                                           300 West Fifth Street
                                           P.O. Drawer 5087
                                           London, Kentucky 40745-5087
                                           gnapier@napierlawoffice.com
                                           dspurlock@napierlawoffice.com

                                           and

                                           /s/ *Molly K. Hardy*_____
                                           Molly K. Hardy
                                           HARDY LAW OFFICE, PLLC
                                           250 Belmont Avenue, Suite 4
                                           Somerset, Kentucky 42501
                                           molly.hardy11@gmail.com

                                           ATTORNEYS FOR PLAINTIFF
                                           CLIFTY PROPERTIES, LLC

## **CERTIFICATE OF SERVICE**

        This is to certify that a true and accurate copy of the foregoing Motion to Remand was served on all counsel of record via electronic filing through the Court's CM/ECF filing system, on this, the 15th day of March, 2017.

                            By:     /s/ Drayer B. Spurlock
                                       Drayer B. Spurlock