**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CIVIL ACTION NO. 6:17-cv-00041-KKC**

*ELECTRONICALLY FILED*

**CLIFTY PROPERTIES, LLC**                                                           **PLAINTIFF**

**v.**

**CITY OF SOMERSET, PULASKI COUNTY, KENTUCKY,**
**SOMERSET PLANNING AND ZONING BOARD,**
**and SOMERSET CITY COUNCIL**                               **DEFENDANTS**

___

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS**
___

Comes now Plaintiff and for its Response to Defendants' Motion to Dismiss states as follows:

On November 30, 2016, the U.S. District Court, London Division, dismissed the federal and state law claims contained in Plaintiff's Complaint "without prejudice." In its Memorandum Opinion and Order, the Court specifically acknowledged that Plaintiff should litigate its state law claims in state court first, before proceeding on its federal claims. *See* Memorandum Opinion and Order, Page 9. The Court further recognized that Plaintiff could reserve its other federal claims during the litigation in state court on its state law claims. *Id*. Finally the Court noted that, if the state court denied Plaintiff's state law claims, it could litigate its federal claims in federal court at that time. *Id*. That is precisely what Plaintiff sought to do when it refiled this action in the Pulaski Circuit Court, reserving by its Complaint both its state law and federal claims.

Following Plaintiff refiling this action in the Pulaski Circuit Court, Defendant sought removal thereof to this Court. This procedural scenario was also contemplated by this Court's

1

previous Memorandum Opinion and Order, in which the Court specifically stated that Plaintiff could seek remand of its state law claims and request the Court for a stay as to its federal claims while it pursued its state court action. *Id.* That is precisely what Plaintiff seeks to do now, by its Motion for Remand of its state law claims and for a stay on its federal claims pending resolution of its state law claims in the Pulaski Circuit Court.[1]

The Court, by its previous Memorandum Opinion and Order, further set out its reasoning for declining to exercise supplemental jurisdiction over Plaintiff's state law claims in the present case, including the avoidance of needless decisions of state law. *See* Memorandum Opinion and Order, Page 13. For the very same reasons, Plaintiff's Motion for Remand is also properly granted.

Defendants, by their Motion to Dismiss, propose that this Court should dismiss all of Plaintiff's claims, albeit without prejudice, such that Plaintiff would be forced to refile this action, for a third time, in the Pulaski Circuit Court. Such an approach will not only result in introducing further delay in an already protracted case, but it will also run the risk of not adequately protecting Plaintiff's right to preserve its federal claims pending resolution of its state law claims in state court. This is clearly the result which this Court contemplated avoiding by its previous Memorandum Opinion and Order.

In fact, the Court's Memorandum Opinion and Order, citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985), clearly sets forth that the Plaintiff's reverse condemnation proceeding must be heard in state court, without

---

[1] Specifically, the federal claims on which Plaintiff seeks a stay pending resolution of its state law claims in the Pulaski Circuit Court include those described in Count I (Paragraphs 17, 21, and 22); Count II (Paragraphs 25, 29, and 30); Count III; Count IV; Count VII; and Count VIII. It is noteworthy that all of the foregoing Counts, with the exception of Counts VII and VIII, also plead analogous state law claims which Plaintiff intends to pursue in the Pulaski Circuit Court before pursuing its federal claims before this Court.

exception. Counts V and VI of Plaintiff's Complaint clearly allege reverse condemnation. Accordingly, under *Williamson*, remand to the Pulaski Circuit Court is appropriate.

Moreover, the Court's Memorandum Opinion and Order constitutes the law of the case and precludes Defendants from removing this matter and then seeking to dismiss it again. The doctrine of claim preclusion, also sometimes known as res judicata, prohibits the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action. Issue preclusion, also known as collateral estoppel, is a related doctrine. It allows the use of an earlier judgment by one not a party to the original action to preclude relitigation of matters litigated in the earlier action. *Miller v. Admin. Office of the Courts*, 361 S.W.3d 867 (Ky. 2011). The term issue preclusion is employed to refer to the doctrine which prohibits issues which were adjudicated in a previous lawsuit from being relitigated in a subsequent lawsuit. *Id.*

The difference, and interrelation, between claim preclusion (i.e., res judicata) and issue preclusion (i.e., collateral estoppel) was summed up by the Kentucky Supreme Court in the *Miller* decision. The Kentucky Supreme Court stated that claim preclusion bars a party from relitigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action, while issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action, and the key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which **was or which could have been brought** in support of the cause of action. *Miller v. Admin. Office of the Courts*, 361 S.W.3d 867 (Ky. 2011), citing *Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998) (emphasis added).

3

Under Kentucky law, for claim preclusion to bar a subsequent action, there must be identity of parties, identity of the two causes of action, and the action must have been decided upon its merits. *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky. 1970). In short, the rule of claim preclusion does not act as a bar if there are different issues or the questions of law presented are different. *Id*. Likewise, it has long been recognized that a party may not split his cause of action, therefore, if a cause of action should have been presented and the party failed to do so and the matter should again arise in another action, it will be held that the first action was res judicata as to all causes that should have properly been presented. *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291 (6th Cir. Ky. 2011), citing *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky. 1970).

The Newman decision cited the rule in *Hays v. Sturgill*, 193 S.W.2d 648 (Ky. App. 1946) as follows:

> The rule that issues which have been once litigated cannot be the subject matter of later action is not only salutary but necessary in the administration of justice. The subsidiary rule that one may not split up his cause of action and have it tried piecemeal rests upon the same foundation. To permit it would not be just to the adverse party or fair to the courts. So, as said in *Combs v. Prestonsburg Water Co.*, 84 S.W.2d 15, 18 (Ky. App. 1935): 'The rule is elementary that, when a matter is in litigation, **parties are required to bring forward their whole case**; and "the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."'

*Newman v. Newman*, 451 S.W.2d 417 (Ky. 1970), quoting *Hays v. Sturgill*, 193 S.W.2d 648 (Ky. App. 1946) (emphasis added).

In *Bassett v. Bassett*, 200 S. W. 915, 916 (Ky. App. 1970), the Kentucky Court of Appeals said: "Res judicata not only includes all facts and questions that were litigated in the action, but those also that could properly have been litigated, and such as could properly have

4

been litigated in the first action cannot thereafter be relitigated by the same parties or their privies."

Here, Plaintiff has followed the instructions of this Court in the Memorandum Opinion and Order entered on November 30, 2016, by filing its Complaint in Pulaski Circuit Court. The Complaint includes a reverse condemnation claim, over which this Court has indicated it would not and could not exercise jurisdiction. *See* Memorandum Opinion and Order, Page 8. Defendants are barred by the application of claim preclusion from removing this matter to this Court, then seeking a subsequent dismissal so that the matter may be pursued in state court "hopefully without the federal claims." Moreover, Defendants have set forth no authority for the position that Plaintiff may not preserve its federal claims by bringing them in the state court action and holding them in abeyance pending a resolution of the state court action. Defendants' course here appears to be an impermissible attempt to split the Plaintiff's claims.

Accordingly, the Defendant's Motion to Dismiss is properly denied and Plaintiff's Motion for Remand of its state law claims to the Pulaski Circuit Court and for a stay on its federal claims pending resolution of its state law claims in the Pulaski Circuit Court is properly granted.

A proposed Order consistent herewith has been tendered.

**Respectfully Submitted,**

/s/ *Drayer B. Spurlock*_____
Gary W. Napier
Drayer B. Spurlock
NAPIER AND ASSOCIATES, P.S.C.
300 West Fifth Street
P.O. Drawer 5087
London, Kentucky 40745-5087
gnapier@napierlawoffice.com
dspurlock@napierlawoffice.com

and

/s/ *Molly K. Hardy*
Molly K. Hardy
HARDY LAW OFFICE, PLLC
250 Belmont Avenue, Suite 4
Somerset, Kentucky 42501
molly.hardy11@gmail.com

ATTORNEYS FOR PLAINTIFF
CLIFTY PROPERTIES, LLC

**CERTIFICATE OF SERVICE**

  This is to certify that a true and accurate copy of the foregoing Memorandum was served on all counsel of record via electronic filing through the Court's CM/ECF filing system, on this, the 15th day of March, 2017.

          By: /s/ Drayer B. Spurlock
             Drayer B. Spurlock