**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CIVIL ACTION NO. 6:17-cv-00041-KKC**

*ELECTRONICALLY FILED*

**CLIFTY PROPERTIES, LLC**                                                    **PLAINTIFF**

**v.**

**CITY OF SOMERSET, PULASKI COUNTY, KENTUCKY,**
**SOMERSET PLANNING AND ZONING BOARD,**
**and SOMERSET CITY COUNCIL**                                          **DEFENDANTS**

---

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR REMAND**

---

Comes now Plaintiff, Clifty Properties, LLC (hereinafter, "Clifty Properties"), by and through its Counsel, and respectfully submit this Reply to Defendants' Response to Plaintiff's Motion to Remand its state law claims in the above-styled action to the Pulaski Circuit Court and for a stay on its federal claims pending resolution of Plaintiff's state law claims before the Pulaski Circuit Court, or in the alternative, for remand of all of Plaintiff's claims to the Pulaski Circuit Court for resolution of the state law claims while preserving the federal claims. (D.E. 5).

**INTRODUCTION**

This is the second time this zoning action has come before this Court. During this Court's first encounter with this case, it ruled on cross-motions for Summary Judgment. By its ruling, this Court dismissed Plaintiff's federal claims without prejudice, as unripe, and dismissed Plaintiff's state law claims without prejudice for lack of jurisdiction. In its Memorandum Opinion and Order this Court stated, in pertinent part:

The Court notes Clifty Properties was not wholly without a remedy after Defendants removed the case. Rather than proceed all the way to the summary judgment stage, Clifty

1

Properties could have sought remand or asked the Court for a stay while it pursued the required state court action.   However, as explained in *Ackerman*, 2016 WL 4499659, at *8, Clifty Properties' takings claims will be dismissed ***without*** prejudice.   If the state court denies Clifty Properties just compensation through the reverse condemnation procedure and if Clifty Properties reserves its other federal claims(s) during that litigation, it may litigate its federal taking claim in federal court at that time, provided the ripeness the requirements have been fully satisfied.
See Opinion and Order, D.E. 5-1, Page 9.

Subsequent to this Court's ruling, and in conformity with its instructions therein, Plaintiff refiled its Complaint in Pulaski Circuit Court, reserving thereby both its state law and federal claims.   Thereafter, Defendants removed the matter, bringing it before this Court for a second time. (D.E. 1).

Defendants then filed a Motion to Dismiss the case, seeking dismissal, without prejudice, of all of Plaintiff's federal claims and state law claims.   (D.E. 4).   By its Motion, Defendants construed this Court's prior ruling as prohibiting Plaintiff from reasserting its federal claims upon refiling the action in Pulaski Circuit Court, or alternatively requiring Plaintiff to comply with a very specific formula for reservation with respect to its federal claims.   The substance of Plaintiff's Response to Defendants' Motion is incorporated by reference as though fully set out herein.   (D.E. 6).   Most pertinently, Plaintiff's Response sets out the propriety of a denial of Defendants' Motion to Dismiss, citing to this Court's prior Memorandum Opinion and Order as the law of the case and demonstrating that Defendants' Motion constitutes an impermissible attempt to split Plaintiff's claims barred by the application of claim preclusion.   Most notably, Defendants failed to cite to any authority for the proposition that Plaintiff was forbidden from reasserting its federal claims upon refiling the action in Pulaski Circuit Court, or alternatively that Plaintiff was required to comply with a very specific formula for reservation with respect to its federal claims.

Thereafter, Plaintiff filed a Motion for Remand, the substance of which is incorporated by reference as though fully set out herein. (D.E. 5). By its Motion, Plaintiff seeks remand of its state law claims to the Pulaski Circuit Court and for a stay on its federal claims pending resolution of Plaintiff's state law claims before the Pulaski Circuit Court, or in the alternative, for remand of all of Plaintiff's claims to the Pulaski Circuit Court for resolution of the state law claims while preserving the federal claims. (D.E. 5).

Defendants filed a combined Response to Plaintiff's Motion to Remand and Reply to Plaintiff's Response to Defendants' Motion to Dismiss. As discussed further below, Defendants exert a great deal of effort into drawing a sharply pointed distinction that lacks any substantive difference under the circumstances of the present case. That is, Defendants argue at great length that Plaintiff was prohibited from reasserting its federal claims upon refiling the action in Pulaski Circuit Court, or alternatively that Plaintiff was required to comply with a very specific formula for reservation with respect to its federal claims, without citing to any language in this Court's previous ruling imposing these prohibitions or mandates. Defendants simply attempt to read a meaning into this Court's previous ruling that is not to be found, or even construed, therein.

## BACKGROUND

Plaintiff's refiled Complaint fairly speaks for itself and is incorporated by reference as though fully set out herein. (D.E. 1-2). As before, Plaintiff's Complaint set out a variety of analogous state and federal claims for relief. This Court's prior Memorandum Opinion and Order also fairly speaks for itself and is incorporated by reference as though fully set out herein. *See* Memorandum Opinion Order. The plain meaning of this Court's prior Memorandum Opinion and Order clearly contemplates the very procedural scenario which now presents itself to this Court. Plaintiff has refiled, as permitted under this Court's prior ruling. Defendants have

3

removed the matter to this Court, construing Plaintiff's refiled Complaint as asserting, rather than reserving, its federal claims.   Plaintiff's now seek either remand of its state law claims and stay of its federal claims in the meantime, or remand of all of its claims for resolution of its state law claims, while preserving its federal claims.   Accordingly, Defendants' Motion to Dismiss is properly denied, and Plaintiff's Motion for Remand is properly granted.

## ARGUMENTS

I.   **Plaintiff was not forbidden from reasserting any and all of its federal claims upon filing, nor was it required to comply with a particular formula for reservation.   Unlike before, the case has not proceeded to summary judgment stage and remand/stay, or in the alternative, remand/preserve is proper.**

Defendants said it best when they referred in their combined brief to Plaintiff as master of its Complaint.   Defendants argue at great length that Plaintiff was prohibited from reasserting its federal claims upon refiling in Pulaski Circuit Court, or that Plaintiff was required to comply with a very specific formula for reservation with respect to its federal claims.   However, nowhere in this Court's ruling is any such prohibition or mandate found.   To the contrary, this Court's prior ruling plainly contemplates **either** a reassertion of Plaintiff's federal claims upon refiling in Pulaski Circuit Court **or** a reservation of Plaintiff's federal claims pending resolution of Plaintiff's state law claims in Pulaski Circuit Court.   See Opinion and Order, D.E. 5-1.   Of course, in the event Defendants chose to remove the case, this Court's prior ruling specifically contemplated that Plaintiff could seek remand of its state law claims to Pulaski Circuit Court and a stay on its federal claims pending resolution of its state law claims before the Pulaski Circuit Court.   To be sure, reservation attempts are rife with the potential for error and Plaintiff was free to reassert, rather than reserve, its federal claims upon refiling in Pulaski Circuit Court, taking the surest route to preserving all of its available remedies, both state and federal, during the pendency of the case.

Defendants also make much of the Court's citation to the *Ackerman*, 2016 WL 4499659, decision, without acknowledging the proposition for which it was cited as well as the factual dissimilarities between that case and the case at bar. To begin with, *Ackerman* was cited to by this Court for the proposition that Plaintiff's federal claims were properly dismissed without prejudice after reaching the summary judgment stage, a point neither party disputes and which is already well-settled by this Court's prior ruling. As to the factual differences, unlike in *Ackerman* in which the Plaintiff was in state court against its will, the exact opposite situation is found in the present case. As Plaintiff has made bountifully clear by its prior motion practice herein, it wishes to proceed in state court upon its state law claims before ever reaching its federal claims herein. Thus, the *Ackerman* court was contemplating how the Plaintiff could reserve its right to proceed in federal court, after proceeding in state court on its inverse condemnation claim, which must be heard in a state court, without exception. Whereas, in the present case the Court is called upon to allow Plaintiff to proceed in state court first, the very outcome which the Court by its decision in *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985), mandated. At bottom, the means by which this outcome is reached, whether by remand of the state law claims and stay of the federal claims, or remand of all of all of the claims, with the federal claims being preserved, is immaterial. Either approach fulfills the mandate of the *Williams* case, as specifically acknowledged by this Court in its previous Memorandum Opinion and Order. *See* Memorandum Opinion and Order, D.E. 5-1. Page 9. As the Court is not being called upon to rule upon the merits of this case, but merely to reserve judgment on the federal claims pending resolution of the state law claims, dismissal is not the proper remedy, but remand is.

There is another potential resolution to the Parties' competing Motions which merits discussion at this point.  That is, if this Court truly did intend by its prior Memorandum Opinion and Order to prohibit Plaintiff from reasserting its federal claims upon refiling in Pulaski Circuit Court, or to require Plaintiff to comply with a very specific formula for reservation with respect to its federal claims upon refiling, and if this Court now finds that Plaintiff's refiled Complaint did not effect a reservation, but rather a reassertion, of its federal claims, then Plaintiff would propose that this Court Remand the entire matter with specific  instructions for Plaintiff to file an Amended Complaint reserving its federal claims pending resolution of its state law claims and providing specific parameters as to how Plaintiff can effectively reserve its federal claims.

## II.    Defendants are properly subject to sanction pursuant to 28 U.S.C. § 1447(c) because Defendant did not properly remove and their removal was not objectively reasonable.

Defendants cannot speak out of both sides of their mouth.  If Plaintiff was in fact forbidden from reasserting its federal claims upon refiling this action, or required to comply with a very specific formula for reservation with respect to its federal claims upon refiling, then the fact that Defendants' removal is improper is a foregone conclusion, because Plaintiff was only doing what it was empowered to do pursuant to this Court's prior ruling.  Defendant needed only to file a Motion before the Pulaski Circuit Court seeking an Order requiring Plaintiff to bring its Complaint into compliance with this Court's prior ruling.

If Plaintiff was not prohibited from reasserting its federal claims, and Plaintiff's Complaint is construed as reasserting, rather than reserving, its federal claims, then Defendants' removal was still not objectively reasonable under the circumstances because it appears that Defendants removed for the sole purpose of seeking dismissal of all of Plaintiff's claims, state and federal, albeit without prejudice, solely on the basis that Plaintiffs was prohibited from

asserting same, which is not the case.  Removal under 28 U.S.C. Section 1441(a) is only proper if the action removed could have been brought in federal court originally. See, e.g., *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203 (C.D. Cal. 2013), *see also Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754 (6th Cir. 2000)(holding  that federal question jurisdiction does not exist where on its face a complaint alleged alternate theories, one of which was not a federal claim). This Court held that the Plaintiff's reverse condemnation claim must be heard by the Pulaski Circuit Court, without exception. See D.E. 5-1, Page 8. The Defendants knew of this Court's prior Opinion and Order. Yet despite the clear language used by the Court, and despite the Plaintiff's presentation of a reverse condemnation claim in its new Complaint, the Defendants elected to attempt to remove this matter again. The Defendants' removal amounts to a removal interposed for the purposes of delay, and is a waste of judicial resources.

Thus, by either measure allowed for assessing the propriety of sanction under 28 U.S.C. 1447(c), Defendants are properly ordered to pay any and all just costs and any actual expenses, including attorneys fees, incurred by Plaintiff as a result of removal of the above-styled case.

### III.   Defendants mischaracterize their efforts to avoid a second removal of this lawsuit.

Plaintiffs refiled Complaint was filed with the Pulaski County Circuit Clerk on January 27, 2017.  Defendants were served on January 28, 2017.  Accordingly, their Answer was due on February 17, 2017.  Defendants' counsel contacted Plaintiff's counsel by email on February 15, 2017, two days before the deadline for Defendants' Answer, requesting an extension of time in which to file their Answer up until and including February 24, 2017.   Plaintiff's counsel followed up by phone call on February 16, 2017.  During that phone conversation, Defendants' counsel expressed interest in filing a Motion to Dismiss and requested that they be allowed an extension of time in which to do that as well.  Defendants' counsel did not indicate that their

7

Motion to Dismiss would be limited to a dismissal of Plaintiff's federal claims, without prejudice.  Moreover, Defendants' counsel never questioned Plaintiff's counsel regarding the nature of their Complaint, whether properly treated as a reassertion of Plaintiff's federal claims or a reservation of Plaintiff's federal claims, nor did Defendants' counsel request any further clarification regarding this distinction.  Defendants' counsel merely stated generally that they intended to file a Motion to Dismiss.  Plaintiff's counsel did not agree to an extension of time in which Defendants' counsel could file a Motion to Dismiss.  However, Plaintiff's counsel did agreed to an extension of time for Defendants' counsel to file an Answer in the Pulaski Circuit Court up to and including February 24, 2017.  Rather than filing their Answer by the extended deadline, Defendants instead filed their Notice of Removal on February 19, 2017, well in advance of the thirty (30) day deadline for removal under 28 U.S.C. § 1446, which would have been February 27, 2017.

The civil motion hours in Pulaski Circuit Court are held the 1st and 3rd Friday of every month.  Accordingly, there were motion hours on Friday, February 17th.  Incidentally, Plaintiff's counsel was present at that motion hour on other matters and, therefore, would have been amply available to attend a hearing in this action on that date, provided Defendants' counsel had scheduled same, but they did not.  As the refiled Complaint had been served on Defendants on January 28, 2017, Defendants had more than adequate time in which to notice a hearing before the Pulaski Circuit Court on that date, but they did not.  Plaintiff's counsel is without sufficient knowledge or information to confirm or deny whether Defendants' counsel attempted to schedule a special hearing in the Lincoln Circuit Court, which is in the same judicial circuit as the Pulaski Circuit Court, before the expiration of the removal deadline.  Civil Motion hours are held in Lincoln Circuit Court on the 2nd and 4th Friday of every month.  Accordingly, there were

motion hours on Friday, February 10th and Friday, February 24th.  Defendants' counsel had more than adequate time in which to notice a hearing before the Lincoln Circuit Court on either of those regular motion hour dates, given Plaintiff's agreed extension of the deadline for their Answer, but they did not.  Thus, Defendants had not one but three opportunities to be heard before a state Circuit Court judge in the appropriate judicial circuit, on a regularly scheduled motion hour date, before resorting to a second removal in this case, but did not do so.

To say that Plaintiff in any way limited Defendants' ability to be heard before a state Circuit Court judge before resorting to a second removal is simply without any basis in fact.  To say that Defendants were without the ability to seek a hearing before a state Circuit Court judge, on a regularly scheduled motion hour date, let alone a specially noticed and scheduled hearing date, before resorting to a second removal is simply not true.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Remand should be granted, and Defendants' Motion to Dismiss should be denied.

Respectfully Submitted,

/s/ *Drayer B. Spurlock*
Gary W. Napier
Drayer B. Spurlock
NAPIER AND ASSOCIATES, P.S.C.
300 West Fifth Street
P.O. Drawer 5087
London, Kentucky 40745-5087
gnapier@napierlawoffice.com
dspurlock@napierlawoffice.com

and

/s/ *Molly K. Hardy*
Molly K. Hardy
HARDY LAW OFFICE, PLLC
250 Belmont Avenue, Suite 4

Somerset, Kentucky 42501
molly.hardy11@gmail.com

ATTORNEYS FOR PLAINTIFF
CLIFTY PROPERTIES, LLC

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing Reply to Defendants'
Response to Plaintiff's Motion for Remand was served on all counsel of record via electronic
filing through the Court's CM/ECF filing system, on this, the 10th day of April, 2017.

By: /s/ Drayer B. Spurlock
   Drayer B. Spurlock