UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| **CLIFTY PROPERTIES, LLC,** | **CIVIL NO. 6:17-41-KKC** |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| **THE CITY OF SOMERSET, KENTUCKY, et al.** | |
| Defendants. | |

This matter is before the Court on the motion to dismiss filed by the defendants (DE 4) and the motion to remand (DE 5) filed by the plaintiff. For the following reasons, the motion to dismiss will be granted and the motion to remand will be denied.

This matter is rooted in a zoning dispute between the plaintiff Clifty Properties, LLC and the defendant, the city of Somerset, Kentucky. Clifty Properties owns some land in Somerset that is currently zoned only for residential purposes. Clifty Properties wants it designated for commercial development but the city of Somerset has rejected Clifty Properties' application for a zoning change.

Clifty Properties has sought relief through the courts. It filed its first complaint to that end in state court on June 9, 2015. The defendants removed that action to this Court and the matter proceeded to summary judgment. *Clifty Properties, LLC v. City of Somerset,* No. 15-115, 2016 WL 7015641 (E.D. Ky. Nov. 30, 2016). United States District Judge Gregory Van Tatenhove construed Clifty Properties' complaint to assert three constitutional claims: a claim that the city's actions constituted a "taking" of Clifty Properties' property without just compensation in violation of the Fifth Amendment; a claim that the city's actions constituted a violation of Clifty Properties' substantive due process rights; and a claim that the city's

actions constituted a violation of Clifty Properties' procedural due process rights. In addition, Judge Van Tatenhove determined that Clifty Properties asserted various violations of state law.

As to the procedural and substantive due process claims, Judge Van Tatenhove determined that both claims must be dismissed. With regard to the substantive due process claim, Judge Van Tatenhove determined that, to the extent Clifty Properties sought monetary damages, the claim need not be addressed by the court because that claim was subsumed by the federal takings claim. *Id*. at *5. To the extent Clifty Properties sought injunctive relief with the claim, Judge Van Tatenhove determined that the claim had to be dismissed because Clifty Properties did not have a constitutionally protected property interest in a not-yet-granted rezoning of its land. *Id*. For the same reason, Judge Van Tatenhove dismissed the procedural due process claim. *Id*. at *6.

As to Clifty Properties' Fifth Amendment takings claim, Judge Van Tatenhove determined that this claim was not ripe for review. *Id*. at *5. A federal regulatory takings claim must meet two requirements to be ripe. First, the regulatory authorities must have come to a "final" decision. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 518 (6th Cir. 2004) (citing *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186-191 (1985)). Second, the plaintiff must have sought compensation through the procedures the state has provided. *Id*. This means the plaintiff must have pursued an action for just compensation or inverse or reverse condemnation in the state courts. *Id*. No violation of the Fifth Amendment occurs until a plaintiff has actually pursued procedures for just compensation in state courts and been denied. *Id* at 519.

Judge Van Tatenhove noted that Kentucky law provides for a reverse or inverse condemnation procedure in state court by which a plaintiff may allege his property has been

2

wrongfully taken. *Clifty* Properties, 2017 WL 7015641, at * 4. Clifty Properties had not initiated such a procedure. Accordingly, Judge Van Tatenhove dismissed the takings claim without prejudice as unripe. *Id.*

The requirement that the plaintiff must pursue a claim for just compensation in state court before asserting a federal takings claim in a federal court, however, could mean that a plaintiff could never actually pursue the federal takings claim in federal court. This is because, in the federal court, "preclusive effect must be given to that prior state-court action . . . according to the res judicata law of the state." *DLX, Inc.*, 381 F.3d at 520. Under Kentucky's res judicata law, plaintiffs are barred not just from reasserting claims that they actually litigated in a prior action but also from asserting any claims that *should have been raised* in the prior litigation. *Id.* Under this law, even after a plaintiff pursues a state compensation claim, as required for federal ripeness, the federal takings claim would still have to be dismissed because it could have been asserted in the state just-compensation action. Thus, the federal ripeness requirements for the takings claim and the state doctrine of claim preclusion "could possibly operate to keep every regulatory-takings claimant out of federal court." *Id.* at 521.

To prevent that situation, the Sixth Circuit has recognized a so-called *England* reservation named for *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964). *DLX, Inc.*, 381 F.3d at 521. With an *England* reservation, the plaintiff does not litigate its federal takings claim in its state court action for just compensation but instead makes "an explicit reservation of their federal claims to federal court." *Id.* The Sixth Circuit holds that "a party's *England* reservation of federal takings claims in a state takings action will suffice to defeat claim preclusion in a subsequent federal action." *Id.* at 523.

After dismissing all of the federal claims, Judge Van Tatenhove declined to exercise jurisdiction over the state law claims and dismissed them without prejudice. He then entered judgment in favor of the defendants. In accordance with an *England* reservation, Judge Van Tatenhove instructed, "If the state court denies Clifty Properties just compensation through the reverse condemnation procedure and if Clifty Properties reserves its other federal claim(s) during that litigation, it may litigate its federal takings claim in federal court at that time, provided the ripeness requirements have been fully satisfied." *Clifty Properties*, 2016 WL 7015641, at *4 n.3.

Clifty Properties then filed another action in state court. With the complaint, Clifty Properties again asserts that the city authorities failed to afford Clifty Properties substantive due process and procedural due process. (DE 1-2, Complaint, ¶¶ 29, 30.) It also asserts a federal takings claim. (DE 1-2, Complaint ¶33.) The complaint cannot be read to contain an *England* reservation of these claims as provided for in *DLX, Inc. See DLX, Inc.*, 381 F.3d at 515.

The defendants again removed the action to this Court and now move to dismiss Clifty Properties' complaint. The defendants argue that this second complaint by Clifty Properties again asserts a federal constitutional takings claim. It asks the Court to dismiss that claim without prejudice so that Clifty Properties "can refile its cause of action (hopefully without federal allegations) in the Pulaski Circuit Court."

Clifty Properties also asks the Court to take action that would permit this matter to proceed in state court. It does so through a motion to remand, asking the Court to remand its state law claims and to stay its federal claims pending a resolution of the state law claims. In the alternative, it asks the Court to remand all of its claims to Pulaski Circuit Court "for resolution of the state law claims while preserving the federal claims."

4

Clifty Properties asserts federal constitutional claims in its state court complaint. Accordingly, the matter was properly removed under 28 U.S.C. § 1441(a). "Federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). Accordingly, the Court will exercise jurisdiction over this action and the motion to remand must be denied.

The substantive and procedural due process claims must be dismissed with prejudice because Clifty Properties has no constitutionally protected property interest in a future rezoning of its land. *Clifty Properties*, 2016 WL 7015641, at *5-6. To the extent that Clifty Properties seeks monetary damages on its substantive due process claim, the claim must be dismissed because it is subsumed by its federal takings claim. *Id.* at *5.

With regard to the federal takings claim, the Court must again dismiss it because it is not ripe. Clifty Properties still has not received a final decision in a reverse condemnation procedure in Kentucky state court. *See Clifty Properties*, 2016 WL 7015641, at *4.

That leaves Clifty Properties' state law claims. Pursuant to the discretion granted under 28 U.S.C. § 1367(c), the Court will decline to exercise jurisdiction over these claims in order "to avoid needless decisions of state law." *Experimental Holdings, Inc. v.* Farris, 503 F.3d 514, 521 (6th Cir. 2007). The state law claims will be dismissed without prejudice.

Clifty Properties may again assert a compensation claim in Kentucky state court. If it desires to preserve its ability to later pursue a federal takings claim in this Court – and if it desires to avoid removal of its state compensation claim – it should make an explicit reservation of its federal takings claim in its state court complaint in accordance with *DLX, Inc. See DLX, Inc.*, 381 F.3d at 515.

For all these reasons, the Court hereby ORDERS as follows:

1) the plaintiffs' motion to remand (DE 5) is DENIED;

5

2) the defendants' motion to dismiss (DE 4) is GRANTED as follows:

   a) Clifty Properties' federal substantive and procedural due process claims are DISMISSED with prejudice;

   b) Clifty Properties' federal takings claim is DISMISSED without prejudice; and

   c) Clifty Properties' state law claims are DISMISSED without prejudice; and

3) Clifty Properties' request for sanctions under 28 U.S.C. § 1447(c) is DENIED; and

4) judgment consistent with this opinion will be entered.

Dated September 11, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY