UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:17-cv-00041-KKC

*ELECTRONICALLY FILED*

**CLIFTY PROPERTIES, LLC**                                             **PLAINTIFF**

**v.**

**CITY OF SOMERSET, PULASKI COUNTY, KENTUCKY,
SOMERSET PLANNING AND ZONING BOARD,
and SOMERSET CITY COUNCIL**                                             **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF MOTION TO ALTER, AMEND OR VACATE JUDGMENT

Comes now Plaintiff, Clifty Properties, LLC (hereinafter, "Clifty Properties") and for its Memorandum in Support of its Motion to Alter, Amend or Vacate the Memorandum Opinion and Order and Judgment granting a Motion to Dismiss in favor of Defendants and denying Plaintiff's Motion to Remand, states as follows:

Clifty Properties appreciates the Court's time and analysis in the matter and intends no disrespect in requesting the Court to re-visit its holdings. Clifty Properties and its counsel hold the Court in high regard. Clifty Properties makes this motion, and raises the following points now, because of the untenable nature of the "merry-go-round" situation they find themselves in regarding jurisdiction over their takings claim and the possibility that the Court's Order may perpetuate, not alleviate, this situation.

The Memorandum Opinion and Order (DE#10) appears to hold, citing *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), that the Court must dismiss Clifty Properties' federal takings claim as unripe on the grounds that Clifty Properties

1

has not sought compensation through the procedures Kentucky provided for just compensation. This is, of course, the second time the City has removed Clifty Properties' case from state court to this Court and then turned around and had it dismissed for ripeness reasons on the ground that it should be in state court, where it started. The Court and City have suggested that an *England* reservation of Clifty Properties' federal claims under *DLX, Inc. v. Kentucky*, 381 F.3d 511, 523 (6th Cir. 2004), and *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964), might end this removal-ripeness game, allowing Clifty Properties to file in and stay in state court (without being removed again). However, it appears that this concept is outdated and invalid after the Supreme Court's decision in *San Remo Hotel, L.P. v. City and County of San Francisco, California*, 545 U.S. 323, 341-342 (2005) (holding a plaintiff in state court may not avoid preclusion barriers arising in federal court after a state court takings suit by "reserving" a federal takings claim for federal court review).

Given the history of this case; namely, the repeated use of removal and ripeness to whipsaw Clifty Properties between state and federal forums, the real risk this will occur again if a new state suit is filed, and the reality that an "*England* reservation" of federal claims is likely no longer a valid vehicle for isolating federal takings issues in a state court suit (and thus potentially avoiding removal), Clifty Properties retracts its former position seeking a remand and objects to the denial of federal jurisdiction. The proper, efficient, and just course is to allow this case to go forward here, in federal court, not to dismiss or send it to state court. This is particularly true given the City's own choice to remove this case to a federal forum, an act which waived the *Williamson County*, *supra*, state litigation ripeness doctrine, and the fact that *Williamson County's* ripeness doctrine is not jurisdictional, but prudential and thus, flexible.

*Stop the Beach Renourishment, Inc., v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 729 (2010); *Suitum v Tahoe Reg'l Planning Agency*, 520 U.S. 725, 734 (1997).

## I.      Standard

In order for a motion to alter, amend or vacate to be granted, under F. R. Civ. P. 59, the moving party must show a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. American International Underwriters*, 178 F.3d 804 (6th Cir. 1999). Clifty Properties believes that this Motion should be granted due to the errors of law set forth herein and to prevent manifest injustice.

## II.     An *England* Reservation would not Suffice to Protect Clifty Properties from Claim Preclusion.

The Memorandum Opinion and Order advising that Clifty Properties may again assert a compensation claim in state court and that, if it wishes preserve its ability to later pursue a federal takings claim in this Court, it should make an explicit reservation of its federal takings claim in its state court complaint, fails to recognize the United State Supreme Court's explicit rejection of *England* reservations as a means of avoiding claim preclusion. *San Remo*, *supra*, at 341-342.  In *San Remo*, *supra*, a takings plaintiff attempted to reserve federal claims in state court for later federal review.  But when the supposedly reserved claims were filed in federal court after the failed state court case, the federal court summarily dismissed the claims on preclusion grounds. When the case got to the Supreme Court, the Court rejected the plaintiff's contention "that federal courts should not apply ordinary preclusion rules to state-court judgments when a case is forced into state court by the ripeness rule of *Williamson County*, *supra*."  *Id.*  In support of its reasoning, the Supreme Court observed "that issues actually decided in valid state-court judgments may well deprive plaintiffs of the "right" to have their

3

federal claims relitigated in federal court." *San Remo*, *supra* at 342. The Supreme Court further opined that "Congress has not expressed any intent to exempt from the full faith and credit statute federal takings claims." *Id.* at 345. Finally, the Supreme Court found that to interpret *Williamson County*, *supra*, as precluding plaintiffs from raising federal takings claims in the alternative in state court would erroneously interpret case law as requiring plaintiffs to "resort to piecemeal litigation or otherwise unfair procedures." *Id.* at 346. Thus, under *San Remo*, *supra*, even if Plaintiff makes an *England* reservation for takings claims in state courts, it appears that preclusion barriers will make it impossible to ever raise federal claims in federal court after state litigation. Thus, Clifty Properties must raise its federal claims in state court if it wants them heard at all (under the Court's current order), and this opens the way for the City to continue removing them. Furthermore, just as the Supreme Court in *San Remo*, *supra*, held, any interpretation of *Williamson County*, *supra*, which would require Plaintiff to resort to piecemeal litigation in order to have all of its claims litigated is properly rejected by this Court.

**III.    All of Clifty Properties' Claims Are Properly Before this Court Because the City Removed this Case and Thereby Waived the State Litigation Requirement.**

The solution to the game of jurisdictional ping-pong inflicted on Clifty Properties by the City's manipulation of removal doctrine and *Williamson County's* state court requirement is not to send the case to state court where it can all happen again. The solution is to hold that removal waived the state litigation ripeness doctrine and that the case is properly heard here, a view supported by the Sixth Circuit's decision in *Lilly Invs. v. City of Rochester*, 674 Fed. Appx. 523, 531 (6th Cir. 2017). Unfortunately, the Memorandum Opinion and Order dismissing all of Clifty Properties' claims fails to give effect to the precedent set by *Lilly Invs.*, *supra*.

In *Lilly Invs.*, *supra*, under facts substantially analogous to those present in the case at bar, the Sixth Circuit Court of Appeals, citing *Sansotta v. Town of Nags Head*, 724 F. 3d 533 (4th Cir. 2013) and *Sherman v. Town of Chester*, 752 F.3d 554 (2d Cir. 2014), joined several other circuits in holding that a defendant waives the *Williamson County*, *supra*, exhaustion requirement by removing to federal court. In support of its holding, the Sixth Circuit Court of Appeals acknowledged that "[w]hen a state or locality removes to federal court, it 'implicitly agrees' with the competence of federal courts to decide the plaintiff's claim." *Lilly Invs.*, *supra*, at 530. The Sixth Circuit Court of Appeals further stated that "refusing to apply the state-litigation requirement in this instance ensures that a state or its political subdivision cannot manipulate litigation to deny a plaintiff a forum for his claim. *Id.* In the instant action, when Defendant removed this case to this Court, it waived any objection to the Court presiding over all of the Plaintiff's claims on the basis of the *Williamson County*, *supra*, exhaustion requirement. *Id.* By removing the case to this Court, Defendant implicitly agreed with the competence of this Court to decide all of Plaintiff's claims, state and federal. Further, allowing Defendant "to invoke the *Williamson County*, *supra*, state-litigation requirement after removing the case to federal court would fail to fulfill the rationale for this prudential rule and would create the possibility of judicially condoned manipulation of litigation," potentially leaving Plaintiff with no forum in which its claims may be heard. *Sansotta*, *supra*, at 545.

**IV.    Dismissal is Improper Because the *Williamson County* Rule is Prudential, Not Jurisdictional.**

The Memorandum Opinion and Order further appears to treat the *Williamson County*, *supra*, state-litigation requirement, as a jurisdictional doctrine, as opposed to a prudential doctrine. However, such a treatment runs directly contrary to at least two holdings of the United

States Supreme Court. In *Suitum*, *supra*, at 734, the Supreme Court specifically referred to the *Williamson County*, *supra*, ripeness rule as a prudential principle, rather than one of jurisdiction. This sentiment was echoed by the Supreme Court's holding in *Stop the Beach Renourishment, Inc.*, *supra*, at 729, in which the Court found an objection for ripeness under *Williamson County*, *supra*, was waived, stating the ripeness rule was not jurisdictional in nature. In the present case, and in light of the foregoing prudential considerations, Defendants are properly deemed to have waived any objection under the *Williams County*, *supra*, ripeness rule by removal, and Plaintiffs are properly permitted to litigate all of their claims before this Court. Such a holding would honor the rationale undergirding the *Williamson*, *supra*, ripeness rule, allowing Plaintiff's state just compensation claim to come into this Court only because Defendant chose to remove the case to federal court. *Sansotta*, *supra*, at 546. It would also better protect Plaintiff who has, now twice, innocently sought to comply with *Williamson County*, *supra*, but its efforts have been thwarted by Defendant's decision to remove the case, in both instances. *Id.* at 547. It would prevent Defendant from being able to manipulate this litigation, rendering Plaintiff without any forum in which to have its claims heard. *Id.* Also, holding the case ripe at this point (rather than requiring Clifty Properties to go back to start in state court a third time) would serve judicial economy and fairness interests. Finally, waiving *Williamson County*, *supra*, would further the Court's preference for preventing procedural gamesmanship in favor of deciding cases on the merits.[1] *Id.*

As the Memorandum Opinion and Order fails to account for several recent decisions of the Sixth Circuit, as well as the United States Supreme Court, as set forth at length hereinabove, its holding constitutes a clear error of law which must be amended or vacated to prevent manifest

---

[1] This Court is aware of the procedural history of this matter. *See* Memorandum Opinion and Order (DE #10, pp. 1-4).

injustice. Clifty Properties requests that the Court amend or vacate the Memorandum Opinion and Order and Judgment entered September 11, 2017.

V.     **CONCLUSION**

Here, the Memorandum Opinion and Order failed to address that an *England* reservation is not a viable means for Plaintiff to avoid claim preclusion; that Defendant's decision to remove this case to federal court resulted in a waiver of any objections based on *Williamson County*, *supra*; and that the *Williamson County*, *supra*, rule is prudential in nature and, accordingly, the holding constitutes a clear error of law. Amendment or vacation of the Court's Order is also necessary to prevent the manifest injustice imposed by the Defendants' manipulation of the litigation and procedural gamesmanship.

For the foregoing reason, the Court must either amend or vacate its Memorandum Opinion and Order and Judgment entered September 11, 2017, and allow this matter to proceed to its merits.

**Respectfully Submitted,**

/s/ *Drayer B. Spurlock*_____
Gary W. Napier
Drayer B. Spurlock
NAPIER AND ASSOCIATES, P.S.C.
300 West Fifth Street
P.O. Drawer 5087
London, Kentucky 40745-5087
gnapier@napierlawoffice.com
dspurlock@napierlawoffice.com

and

/s/ *Molly K. Hardy*_____
Molly K. Hardy
HARDY LAW OFFICE, PLLC
250 Belmont Avenue, Suite 4
Somerset, Kentucky 42501

molly.hardy11@gmail.com

        ATTORNEYS FOR PLAINTIFF
        CLIFTY PROPERTIES, LLC

<b><u>CERTIFICATE OF SERVICE</u></b>

 This is to certify that a true and accurate copy of the foregoing was served on all counsel of record via electronic filing through the Court's CM/ECF filing system, on this, the 6th day of October, 2017.

        By: <u>/s/ Drayer B. Spurlock</u>
           Drayer B. Spurlock