UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **CLIFTY PROPERTIES, LLC,** | **CIVIL NO. 6:17-41-KKC** |
| **Plaintiffs,** | |
| v. | **OPINION AND ORDER** |
| **THE CITY OF SOMERSET, KENTUCKY, et al.** | |
| **Defendants.** | |

This matter is before the Court on the plaintiff's motion to alter, amend, or vacate (DE 12) this Court's opinion, which denied the plaintiff's motion to remand and granted the defendants' motion to dismiss this action (DE 10). For the following reasons, the motion will be granted insofar as it asks the Court to alter its dismissal of the plaintiff's federal takings claim and its state-law claims.

**I.    Background**

This matter is rooted in a zoning dispute between the plaintiff Clifty Properties, LLC and the defendant, the city of Somerset, Kentucky. Clifty Properties owns some land in Somerset that is currently zoned only for residential purposes. Clifty Properties wants it designated for commercial development but the city of Somerset has rejected Clifty Properties' application for a zoning change.

Clifty Properties has sought relief through the courts. It filed its first complaint to that end in state court on June 9, 2015. The defendants removed that action to this Court and the matter proceeded to summary judgment. *Clifty Properties, LLC v. City of Somerset,* No. 15-115, 2016 WL 7015641 (E.D. Ky. Nov. 30, 2016). United States District Judge Gregory Van Tatenhove construed Clifty Properties' complaint to assert three constitutional claims:

a claim that the city's actions constituted a "taking" of Clifty Properties' property without just compensation in violation of the Fifth Amendment; a claim that the city's actions constituted a violation of Clifty Properties' substantive due process rights; and a claim that the city's actions constituted a violation of Clifty Properties' procedural due process rights. In addition, Judge Van Tatenhove determined that Clifty Properties asserted various violations of state law.

As to the procedural and substantive due process claims, Judge Van Tatenhove determined that both claims must be dismissed. With regard to the substantive due process claim, Judge Van Tatenhove determined that, to the extent Clifty Properties sought monetary damages, the claim need not be addressed by the court because that claim was subsumed by the federal takings claim. *Id*. at *5. To the extent Clifty Properties sought injunctive relief with the claim, Judge Van Tatenhove determined that the claim had to be dismissed because Clifty Properties did not have a constitutionally protected property interest in a not-yet-granted rezoning of its land. *Id*. For the same reason, Judge Van Tatenhove dismissed the procedural due process claim. *Id*. at *6.

As to Clifty Properties' Fifth Amendment takings claim, Judge Van Tatenhove determined that this claim was not ripe for review. *Id*. at *5. A federal regulatory takings claim generally must meet two requirements to be ripe. First, the regulatory authorities must have come to a "final" decision. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 518 (6th Cir. 2004) (citing *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186-191 (1985)). Second, the plaintiff must have exhausted its remedies in state court; the plaintiff must have sought compensation through the procedures the state has provided. *Id*. This means the plaintiff must have pursued an action for just compensation or inverse or reverse condemnation in the state courts. *Id*. No violation of the Fifth

Amendment occurs until a plaintiff has actually pursued procedures for just compensation in state courts and been denied. *Id* at 519.

Judge Van Tatenhove noted that Kentucky law provides for a reverse or inverse condemnation procedure in state court by which a plaintiff may allege his property has been wrongfully taken. *Clifty* Properties, 2017 WL 7015641, at * 4. Clifty Properties had not initiated such a procedure. Accordingly, Judge Van Tatenhove dismissed the takings claim without prejudice as unripe. *Id.*

The requirement that the plaintiff must pursue a claim for just compensation in state court before asserting a federal takings claim in a federal court, however, could mean that a plaintiff could never actually pursue the federal takings claim in federal court. This is because, in the federal court, "preclusive effect must be given to that prior state-court action . . . according to the res judicata law of the state." *DLX, Inc.*, 381 F.3d at 520. Under Kentucky's res judicata law, plaintiffs are barred not just from reasserting claims that they actually litigated in a prior action but also from asserting any claims that *should have been* raised in the prior litigation. *Id.* Under this law, even after a plaintiff pursues a state compensation claim – as required for federal ripeness – the federal takings claim would still have to be dismissed because it could have been asserted in the state just-compensation action. Thus, the federal ripeness requirements for the takings claim and the state doctrine of claim preclusion "could possibly operate to keep every regulatory-takings claimant out of federal court." *Id.* at 521.

To prevent that situation, the Sixth Circuit has recognized a so-called *England* reservation named for *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964). *DLX, Inc.*, 381 F.3d at 521. With an *England* reservation, the plaintiff does not litigate its federal takings claim in its state court action for just compensation but instead

3

makes "an explicit reservation of their federal claims to federal court." *Id*. In *DLX, Inc.*, the Sixth Circuit held that "a party's *England* reservation of federal takings claims in a state takings action will suffice to defeat claim preclusion in a subsequent federal action." *Id*. at 523.

After dismissing all of Clifty Properties' federal claims, Judge Van Tatenhove declined to exercise jurisdiction over the state-law claims and dismissed them without prejudice. He then entered judgment in favor of the defendants. In accordance with an *England* reservation, Judge Van Tatenhove instructed, "If the state court denies Clifty Properties just compensation through the reverse condemnation procedure and if Clifty Properties reserves its other federal claim(s) during that litigation, it may litigate its federal takings claim in federal court at that time, provided the ripeness requirements have been fully satisfied." *Clifty Properties*, 2016 WL 7015641, at *4 n.3.

Clifty Properties then filed another action in state court. With the complaint, Clifty Properties again asserts that the city authorities failed to afford Clifty Properties substantive due process and procedural due process. (DE 1-2, Complaint, ¶¶ 29, 30.) It also asserts a federal takings claim. (DE 1-2, Complaint ¶33.) The complaint cannot be read to contain an *England* reservation of these claims as provided for in *DLX. See DLX*, 381 F.3d at 515.

The defendants again removed the action to this Court and moved to dismiss Clifty Properties' complaint. The defendants argued that this second complaint by Clifty Properties again asserts a federal constitutional takings claim. It asked the Court to dismiss that claim without prejudice so that Clifty Properties "can refile its cause of action (hopefully without federal allegations) in the Pulaski Circuit Court." Plaintiff Clifty Properties likewise asked the Court to take action that would permit this matter to proceed in state court. It did so through a motion to remand, asking the Court to remand its state

law claims and to stay its federal claims pending a resolution of the state law claims. In the alternative, it asked the Court to remand all of its claims to Pulaski Circuit Court "for resolution of the state law claims while preserving the federal claims."

The Court ruled that the matter was properly removed under 28 U.S.C. § 1441(a) because Clifty Properties asserts federal constitutional claims in its state court complaint. Accordingly, the Court denied Clifty Properties' motion to remand the action to state court.

The Court dismissed with prejudice Clifty Properties' substantive and procedural due process claims because Clifty Properties has no constitutionally protected property interest in a future rezoning of its land and because the substantive due process claim is subsumed by the federal takings claim. Clifty Properties does not ask the Court to alter its ruling on the due-process claims.

With regard to the federal takings claim, as Judge Van Tatenhove had, the Court dismissed it because it was not ripe. Clifty Properties still has not received a final decision in a reverse condemnation procedure in Kentucky state court. The Court declined to exercise jurisdiction over the plaintiff's state-law claims and dismissed them without prejudice.

## II. Motion to Amend

With its current motion, Clifty Properties asks the Court to alter its ruling on the federal takings claim, pointing to two decisions. The first is the Supreme Court's decision in *San Remo Hotel v. City & County of San Francisco*, 545 U.S. 323, 337-41 (2005), which calls into doubt the effectiveness of an *England* reservation by holding that it did not save the plaintiff's takings claim in that case from being barred under issue preclusion. The next case is the Sixth Circuit's decision in *Lilly Investments v. City of Rochester*, 674 F. App'x 523 (6th Cir. 2017). In that case, the court held that, when a defendant removes a regulatory takings claim from state to federal court, it waives the exhaustion requirement for the

5

claim. *Id.* at 531. (citing *Sansotta v. Town of Nags Head*, 724 F.3d 533, 545–47 (4th Cir. 2013) and *Sherman v. Town of Chester*, 752 F.3d 554, 564 (2d Cir. 2014)). This is because the primary reason for the exhaustion requirement is the belief that "state courts undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions related to zoning and land-use regulations." *Id.* at 530 (quoting *San Remo Hotel*, 545 U.S. at 347). But the Sixth Circuit determined that, "[w]hen a state or locality removes to federal court, it 'implicitly agrees' with the competence of federal courts to decide the plaintiff's claim." *Id.* (quoting *Sansotta*, 724 F.3d at 545). In its response to Clifty Properties' motion, the defendants do not assert that *Lilly* does not apply to this action or respond. Nor do they respond to the argument that they waived the exhaustion requirement for the federal takings claim by removing the action to this Court.

In accordance with *Lilly*, and in order to prevent manifest injustice, the Court's September 11, 2017 opinion must be amended to the extent it dismissed Clifty Properties' federal takings claim and its state law claims. The defendants waived the exhaustion requirement for the takings claim when they removed the action to this Court. Accordingly, that claim should not be dismissed on ripeness grounds. As to the state law claims, their dismissal under 28 U.S.C. § 1367 is no longer appropriate.

**III. Conclusion**

Accordingly, the Court hereby ORDERS as follows:

1) the plaintiff's motion to alter, amend, or vacate (DE 12) the Court's opinion dated September 11, 2017 (DE 10) is GRANTED insofar as it asks the Court to alter its dismissal of the plaintiff's federal takings claim and its state-law claims;

2) the Court's September 11, 2017 opinion (DE 10) is AMENDED to the extent it dismissed Clifty Properties' federal takings claim and its state law claims and those claims are hereby REINSTATED; and

3) The Court's September 11, 2017 judgment (DE 11) is VACATED.

Dated December 19, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY